# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**NICHOLAS LINO BORRERO,**

      Plaintiff,

v.                                                             Case No:  6:15-cv-1558-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.

## MEMORANDUM OF DECISION

Nicholas Lino Borrero (the Claimant) appeals from a final decision of the Commissioner of Social Security (the Commissioner) denying his application for a period of disability, and disability insurance benefits.  Doc. 1; R 142-43.  Claimant argues that the Administrative Law Judge (the ALJ) erred by: 1) failing to properly weigh Dr. Maria Garcia's opinion; 2) finding his testimony concerning his pain and limitations not credible; 3) failing to account for all his limitations in his hypothetical to the Vocational Expert (the VE); and 4) failing to ask the VE whether his testimony was consistent with Dictionary of Occupational Titles.  Doc. 17 at 12-19.  Claimant argues that the matter should be reversed and remanded for further proceedings.  *Id*. at 19-20.  For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.**        **THE ALJ'S DECISION.**

On August 9, 2012, Claimant filed an application for a period of disability and disability insurance benefits (DIB).  R. 142-43.  Claimant alleged a disability onset date of February 4, 2011.  R. 142.  The ALJ issued her decision on March 17, 2014.  R. 16-26.  The ALJ found that Claimant

suffered from the following severe impairments: anxiety with panic attacks, and hypertension. R. 18. The ALJ found that Claimant had a RFC to perform less than a full range of medium work[1] as defined by 20 C.F.R. § 404. 1567(c), with following additional limitations:

> [T]asks are reduced to simple 1-5 steps that can be performed independently after 30 days training. The claimant should generally work independently at his own workstation or work area, with no more than occasional interaction with coworkers or supervisors and nothing with the general public beyond superficial. He should avoid work at heights, work with dangerous moving machinery, and work with dangerous tools. He should avoid concentrated exposure to temperature extremes.

R. 21. In light of this RFC, the ALJ found Claimant was not capable of performing his past relevant work. R. 24-25. The ALJ, however, found that Claimant is capable of performing various jobs in the national economy, including mail clerk, surveillance system monitor, and nut and bolt assembler. R. 25-26. In light of the foregoing, the ALJ found that Claimant has not been disabled from his alleged onset date, February 4, 2011, through the date of her decision, March 17, 2014. R. 26.

## II.   STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is

---

[1] Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   ANALYSIS.

Claimant maintains that the ALJ failed to properly weigh Dr. Garcia's opinion, primarily because the ALJ erroneously stated that the record contained no treatment notes from Dr. Garcia. Doc. 17 at 12-13. Therefore, Claimant argues that the ALJ's decision is not supported by substantial evidence. *Id.* at 13. The Commissioner concedes that the ALJ erroneously stated that the record contained no treatment records from Dr. Garcia, but nevertheless maintains that substantial evidence, including Dr. Garcia's treatment notes, support the ALJ's decision to assign Dr. Garcia's opinion some weight. Doc. 19 at 6-10.

At step four, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-

examining medical sources.  *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[2]

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization.  20 C.F.R. § 404.1527(c).

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary.  *See* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).  There is good cause to assign a treating physician's opinion less than substantial or considerable weight, where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records.  *Winschel*, 631 F.3d at 1179.

The record reveals that Claimant treated with Dr. Garcia, his primary care physician, as early as January 2013, and continued to treat with her through at least October 2013.  R. 308-14, 340-41, 347-48.

On March 28, 2013, Dr. Garcia completed a Residual Functional Capacity Form (the Opinion).  R. 308-13.  Dr. Garcia diagnosed Claimant with chest pain, lower leg pain, hypertension, palpitations, hyperthyroidism, leukocytosis, visual discomfort, major depression,

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

anxiety, and insomnia. R. 308. Dr. Garcia opined that Claimant can walk 20 feet at a time before needing to rest. R. 310. Dr. Garcia opined that Claimant can only stand for 15-30 minutes due to his medication side effects. R. 309. Dr. Garcia opined that Claimant cannot sit for more than six hours in an eight-hour workday due to his medication side effects. R. 310. Dr. Garcia opined that Claimant must lie down during the day due to his anxiety and medication side effects. *Id.* Dr. Garcia opined that Claimant can lift/carry 21-50 pounds. *Id.* Dr. Garcia opined that Claimant can frequently reach in all directions and handle objects. *Id.* Dr. Garcia opined that Claimant could not perform his prior work due to his unpredictable panic attacks, depression, and general mental state. R. 312. Dr. Garcia opined that Claimant's impairments and functional capacity is unlikely to change over time. *Id.*

> The ALJ considered Dr. Garcia's Opinion, R. 24, stating the following:
>
> On March 28, 2013, Maria T. Garcia M.D., family practitioner, completed a Physical Residual Functional Capacity Assessment. (There are no notes from this doctor and the evidence in the record does not support her restrictions). Dr. Garcia opines that the claimant can lift and carry from 21 to 50 pounds with occasional manipulative restrictions and extreme postural restrictions; side effects from medications; depression and anxiety (Exhibit 6F) . . . The [ALJ] grants only some weight to this medical opinion as it is inconsistent with the objective medical evidence, treatment history and the claimant's activity level.

R. 24. Thus, the ALJ assigned Dr. Garcia's Opinion "some weight" because it was inconsistent with the medical evidence, Claimant's treatment history, and Claimant's activity level. *Id.*

Claimant essentially argues that the ALJ's reasons for assigning Dr. Garcia's Opinion "some weight" are not supported by substantial evidence because they are conclusory and fail to account for Dr. Garcia's treatment notes. Doc. 17 at 12-13. The Court agrees. The Commissioner attempts to provide the explanation lacking from the ALJ's decision by highlighting specific evidence that she (not the ALJ) maintains is inconsistent with Dr. Garcia's Opinion. Doc. 19 at 7-10. The Court, however, will not affirm the Commissioner's decision based on such post hoc

- 5 -

rationalization. *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).

The ALJ's reasons for assigning Dr. Garcia's Opinion "some weight" are conclusory. The ALJ generally states that the medical record, Claimant's treatment history, and his activity level are inconsistent with Dr. Garcia's Opinion. R. 24. The ALJ, however, does not cite to or discuss a single piece of evidence to support these otherwise conclusory reasons for partially rejecting Dr. Garcia's Opinion. *See id*. These conclusory reasons are insufficient to demonstrate that the ALJ's decision to assign Dr. Garcia's Opinion is supported by substantial evidence. *See Anderson v. Astrue*, Case No. 3:12-cv-308-J-JRK, 2013 WL 593754, at *5 (M.D. Fla. Feb. 15, 2013) (the ALJ must do more than recite a good cause reason to reject treating physician opinion and must articulate evidence supporting that reason); *Paltan v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008); ("The ALJ's failure to explain how [the treating physician's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."); *Poplardo v. Astrue*, Case No. 3:06-cv-1101-J-MCR, 2008 WL 68593, at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand). The Court will not attempt to determine what specific evidence the ALJ relied on when she weighed Dr. Garcia's Opinion, as such an exercise would impermissibly require the Court to reweigh the evidence. *See, e.g.*, *Anderson*, 2013 WL 593754, at *5; *Paltan*, 2008 WL 1848342, at *5; *Poplardo*, 2008 WL 68593, at *11.

The ALJ also seemingly failed to consider Dr. Garcia's treatment notes when weighing her Opinion. The ALJ erroneously states that the record contains no treatment notes from Dr. Garcia. R. 24. The record, however, contains several treatment notes from Dr. Garcia, post-dating her

Opinion. R. 340-41, 347-48. Thus, the ALJ apparently did not consider Dr. Garcia's treatment notes when weighing her Opinion.[3] This oversight is significant, because the failure to consider such evidence certainly may undermine the ALJ's finding that Claimant's treatment history and the medical evidence are inconsistent with Dr. Garcia's Opinion. It is not clear whether the ALJ would have reached the same result had she considered Dr. Garcia's treatment notes, and the Court will not speculate as to whether Dr. Garcia's treatment notes would alter the ALJ's decision.

In light of the foregoing, the Court finds the ALJ's decision to assign "some weight" to Dr. Garcia's Opinion is not supported by substantial evidence, and, thus, finds the ALJ's decision, as a whole, is not supported by substantial evidence. Therefore, the undersigned finds this case must be remanded to the Commissioner for further proceedings, so the ALJ may considered all of the evidence of record, properly weigh Dr. Garcia's Opinion, and clearly and fully articulate her reasons in support of the weight assigned to Dr. Garcia's Opinion. Further, if the ALJ assigns Dr. Garcia's Opinion some weight again, the ALJ should explain what opinions she accepts, what opinions she rejects, and articulate the reasons in support of her findings.[4]

## IV.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

---

[3] The ALJ's apparent failure to consider Dr. Garcia's treatment notes is further evidenced by her failure to cite Exhibits 8F and 9F, which contain Dr. Garcia's treatment notes, in her decision. *See* Doc. 16-26.

[4] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors). While the Court will not address Claimant's remaining arguments, the Court notes that it would be prudent for the ALJ to clearly ask the VE whether his or her testimony is consistent with the Dictionary of Occupational Titles. *See* SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000).

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 28, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Pamela Houston
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
3505 Lake Lynda Drive
Suite 300
Orlando, Florida 32817-9801